≪AO 245C   NNY(Rev. 1/05) Amended Judgment in a Criminal Case          (NOTE: Identify Changes with Asterisks (*))
          Sheet 1

# UNITED STATES DISTRICT COURT

                    Northern          District of          New York

| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | |
| John B. Matrulli | Case Number: 5:03CR00405-001 |
| | USM Number: 12250-052 |
| | Frank Policelli, 10 Steuben Park, Utica, New York 13501 |
| **Date of Original Judgment:** November 10, 2004 | (315) 793-0020 |
| **(Or Date of Last Amended Judgment)** | Defendant's Attorney |

**Reason for Amendment:**

| X | Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2)) | ☐ | Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e)) |
| ☐ | Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b)) | ☐ | Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1)) |
| ☐ | Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a)) | ☐ | Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2)) |
| ☐ | Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36) | ☐ | Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7) |
| | | ☐ | Modification of Restitution Order (18 U.S.C. § 3664) |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
  which was accepted by the court.

X was found guilty on count(s)   1, 2, 3, 9, 10, and 11 through 27 of the Third Superseding Indictment on May 28, 2004.
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Defraud a Financial Institution | 2/24/99 | 1 |
| 18 U.S.C. § 1006 | False Entry | 2/4/98 | 2 |
| 18 U.S.C. § 1006 | False Entry | 4/28/98 | 3 |
| 18 U.S.C. § 215(a)(2) | Acceptance of a Gratuity by a Financial Institution Officer | 6/16/98 | 9 |

The defendant is sentenced as provided in pages 2 through ___7___ of this judgment. The sentence is imposed in accordance with 18 U.S.C. § 3553 and the Sentencing Guidelines.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

August 25, 2005 *
Date of Imposition of Judgment

*/s/ Norman A. Mordue*
Norman A. Mordue
U.S. District Judge

September 12, 2005
Date

BB

AO 245B    NNY(Rev. 6/04) Judgment in a Criminal Case
       Sheet 1A

Judgment—Page 2 of 7

DEFENDANT: John B. Matrulli
CASE NUMBER: 5:03CR00405-001

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 215(a)(2) | Acceptance of a Gratuity by a Financial Institution Officer | 6/20/98 | 10 |
| 18 U.S.C. § 1006 | False Entry | 8/2/96 | 11 |
| 18 U.S.C. § 1006 | False Entry | 11/12/96 | 12 |
| 18 U.S.C. § 1006 | False Entry | 11/13/96 | 13 |
| 18 U.S.C. § 1006 | False Entry | 6/27/97 | 14 |
| 18 U.S.C. § 1006 | False Entry | 11/5/97 | 15 |
| 18 U.S.C. § 1006 | False Entry | 11/5/97 | 16 |
| 18 U.S.C. § 1006 | False Entry | 1/16/98 | 17 |
| 18 U.S.C. § 1006 | False Entry | 2/3/98 | 18 |
| 18 U.S.C. § 1006 | False Entry | 5/19/98 | 19 |
| 18 U.S.C. § 1006 | False Entry | 2/4/99 | 20 |
| 18 U.S.C. § 1006 | False Entry | 2/24/99 | 21 |
| 18 U.S.C. § 1006 | False Entry | 3/24/98 | 22 |
| 18 U.S.C. § 1006 | False Entry | 4/10/98 | 23 |
| 18 U.S.C. § 1006 | False Entry | 6/19/98 | 24 |
| 18 U.S.C. § 1006 | False Entry | 6/25/98 | 25 |
| 18 U.S.C. § 1006 | False Entry | 9/21/98 | 26 |
| 18 U.S.C. § 215(a)(2) | Acceptance of a Gratuity by a Financial Institution Officer | 10/27/98 | 27 |

AO 245C    NNY(Rev. 1/05) Amended Judgment in a Criminal Case
           Sheet 2 — Imprisonment                                           (NOTE: Identify Changes with Asterisks (*))

Judgment — Page  3  of  7

DEFENDANT:          John B. Matrulli
CASE NUMBER:        5:03CR00405-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

\* 33 months.  The terms of imprisonment consist of terms of 33 months as to each of Counts 1, 2, 3, 9, 10, and 11 through 27, all terms are to be served concurrently.

☐ The court makes the following recommendations to the Bureau of Prisons:

X The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m.  ☐ p.m.  on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Case 5:03-cr-00405-NAM   Document 107   Filed 09/15/05   Page 4 of 7

AO 245C    NNY(Rev. 1/05) Amended Judgment in a Criminal Case
           Sheet 3 — Supervised Release                                                    (NOTE: Identify Changes with Asterisks (*))

Judgment—Page 4 of 7

DEFENDANT:     John B. Matrulli
CASE NUMBER:   5:03CR00405-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

5 years.  The term of supervised release consists of a term of 3 years on Count 1 and terms of 5 years as to each of Counts 2, 3, 9, 10, and 11 through 27, all terms are to be served concurrently.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[X]  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)

[x]  The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

[x]  The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Deselect, if inapplicable.)

[ ]  The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.  (Check, if applicable.)

[ ]  The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and
14) the defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

AO 245C    NNY(Rev. 1/05) Amended Judgment in a Criminal Case
                Sheet 3C — Supervised Release                                                                                        (NOTE: Identify Changes with Asterisks (*))

Judgment—Page  5  of  7

DEFENDANT:        John B. Matrulli
CASE NUMBER:   5:03CR00405-001

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall provide the probation officer with access to any requested financial information.

2. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.


## DEFENDANT'S ACKNOWLEDGMENTOF APPLICABLE CONDITIONS OF SUPERVISION

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

The conditions of supervision have been read to me. I fully understand the conditions and have been provided a copy of them.

_____    _____
Defendant                                                              Date

_____    _____
U.S. Probation Officer/Designated Witness                Date

AO 245C   NNY(Rev. 1/05) Amended Judgment in a Criminal Case
         Sheet 5 — Criminal Monetary Penalties                                                       (NOTE: Identify Changes with Asterisks (*))

Judgment — Page  6  of  7

DEFENDANT:     John B. Matrulli
CASE NUMBER:   5:03CR00405-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 2,200 | $ Waived | $ 311,936.16 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| AmeriCU |  | $311,936.16 |  |
| **TOTALS** | $ _____ | $ 311,936.16 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  X   the interest requirement is waived for the    ☐ fine   X restitution.

  ☐   the interest requirement for the    ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C    NNY(Rev. 1/05) Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments                                        (NOTE: Identify Changes with Asterisks (*))

Judgment — Page  7  of  7

DEFENDANT:    John B. Matrulli
CASE NUMBER:  5:03CR00405-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  ☐  In full immediately; or

**B**  ☒  Lump sum payment of $ __2,200__ due immediately, balance due

   ☐ not later than _____ , or
   ☒ in accordance with  ☐ D,  ☐ E,  ☐ F, or  ☒ G below; or

**C**  ☐  Payment to begin immediately (may be combined with  ☐ D,  ☐ E, or  ☐ G below); or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**E**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**F**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**G**  ☒  Special instructions regarding the payment of criminal monetary penalties:

   The $2,200 Special Assessment is due immediately. Restitution shall be paid in monthly installments of at least 25% of the defendant's gross income while you are in prison, and in monthly installments of at least $200, or 15% of your gross income, whichever is greater, upon the defendant's release from prison.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to **Lawrence K. Baerman, Clerk, U.S. District Court, Federal Bldg., P.O. Box 7367, 100 S. Clinton Street, Syracuse, N.Y. 13261-7367**, unless otherwise directed by the court, the probation officer, or the United States attorney. If a victim cannot be located, the restitution paid to the Clerk of the Court for that victim shall be sent to the Treasury, to be retrieved if and when the victim is located.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒  Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

   Of the total restitution amount, $39,000 shall be joint and several with Diana Bryant (5:03CR00405-002) and $272,936.16 shall be joint and several with Craig George (5:02CR00410-001).

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.